UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PATRICK AUSTIN,

                              Plaintiff,            Caso No. 1:26-cv-1078

   -against-

C.S.L.L. REST. CORP. d/b/a EJ'S
LUNCHEONETTE and I93 LLC,            **COMPLAINT AND DEMAND**
                                                                                       **FOR JURY TRIAL**

                              Defendants
------------------------------------------------------------------x

Plaintiff Patrick Austin (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants C.S.L.L. Rest. Corp. d/b/a EJ's Luncheonette and I93 LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This action arises from ongoing and unlawful disability discrimination at defendants' place of public accommodation. Plaintiff seeks declaratory, injunctive, and equitable relief, along with monetary damages and recovery of attorney's fees, costs, and expenses, to remedy defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., its implementing regulations, the New York State Executive Law § 296, New York State Civil Rights Law § 40, and the New York City Administrative Code § 8-107.

2.      Defendants own, lease, operate, control, and/or manage a public accommodation that fails to comply with accessibility requirements mandated by federal, state, and local law. The discriminatory conditions described below are attributable to defendants, who are responsible for the acts and omissions of their agents and employees within the scope of their authority.

1

3. Defendants elected to disregard clear statutory accessibility mandates, effectively excluding individuals with disabilities from equal participation in the services offered at their establishment. This action seeks to compel compliance and to ensure that plaintiff is afforded the same full and equal access provided to non-disabled patrons.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because this action presents federal questions involving alleged violations of the ADA. The Court exercises supplemental jurisdiction over related New York State and City law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the discriminatory conduct occurred within this district and the public accommodation at issue is located here.

## PARTIES

6. Plaintiff is, and at all relevant times was, a resident of New York County, New York.

7. Plaintiff has a severe spinal injury involving the L3 through L5 vertebrae, compounded by nerve palsy. These conditions substantially impair walking and significantly limit range of motion and mobility. As a result, plaintiff relies on a wheelchair.

8. Defendants operate and/or lease the commercial property located at or about 1271 3rd Avenue, New York, New York 10021, referred to as the Premises.

9. Each defendant conducts business within the State of New York and operates a place of public accommodation at the Premises.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Defendants own, lease, lease to, control, and/or operate a public accommodation within the meaning of the ADA, 42 U.S.C. § 12181 and 28 C.F.R. § 36.104, the New York State Executive Law § 292(9), and the New York City Administrative Code § 8-102(9).

11. The Premises is a privately operated facility affecting commerce and qualifies as a public accommodation under the above statutes.

12. Architectural barriers exist at the Premises that restrict or prevent access by plaintiff and other individuals with disabilities.

13. Upon information and belief, the Premises was designed and constructed for first occupancy after January 26, 1993.

14. Upon information and belief, defendants performed alterations to the Premises and adjacent or attached areas after January 1992.

15. Upon information and belief, portions of the Subject Facility were altered after the effective date of the ADA. Pursuant to 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402, each such altered area, together with the path of travel to the altered area, was required to be made readily accessible to and usable by individuals with disabilities to the maximum extent feasible. Depending on when the alterations occurred, compliance was and is required with either the 1991 ADA Standards for Accessible Design for alterations prior to March 15, 2012 or the 2010 ADA Standards for Accessible Design for alterations on or after March 15, 2012. In either case, the only permissible defense is technical infeasibility. To the extent the altered areas fail to conform to the applicable Standards, they remain in violation of Title III.

16. Plaintiff regularly travels throughout New York City and frequently visits the

neighborhood where the Premises is located for dining, shopping, and personal outings. Plaintiff uses an electric wheelchair for mobility and occasionally relies on public transportation.

17. On or about October 10, 2025, plaintiff attempted to access the Premises with the intent to dine there, including trying menu offerings that interested him. Plaintiff encountered barriers that prevented entry and access. Plaintiff is aware that these barriers remain.

18. Specifically, plaintiff encountered a substantial step at the main entrance with no available means to contact staff for assistance. This experience caused embarrassment and reinforced the sense of exclusion based on disability.

19. Despite this encounter, plaintiff intends to return once the Premises is accessible. The location is within close proximity to plaintiff's residence, making future patronage realistic and likely.

20. The services, features, and physical elements of defendants' establishment are not readily accessible or usable by plaintiff as required by the ADA Accessibility Guidelines, codified at 28 C.F.R. Part 36, Appendix A, and reflected in both the 1991 and 2010 ADA Standards.

21. Defendants' failure to comply with applicable accessibility laws has denied plaintiff safe, equal, and meaningful access to the Premises.

22. The Premises was not designed, constructed, or altered in compliance with the ADA Standards, the New York City Administrative Code, or applicable building regulations.

23. Plaintiff encountered, and continues to be deterred by, accessibility barriers at the Premises, including but not limited to those described below.

24. Plaintiff encountered, and continues to be deterred by, multiple architectural barriers at the Premises that deny wheelchair users equal access. These conditions violate the accessibility requirements imposed by Title III of the ADA and its implementing regulations. The barriers include, but are not limited to, the following:

25. The primary entrance to the Premises contains a step that functions as a physical barrier to wheelchair users. No compliant ramp or alternative accessible route is provided, and there is no effective means to request assistance from inside the establishment. As a result, plaintiff is denied an accessible route into the facility. Title III requires that accessible routes connect public sidewalks and entrances to facilities and that changes in level greater than one half inch be ramped. Entrances, doors, and accessible routes must comply with ADA Standards governing accessible circulation paths. See 28 C.F.R. Part 36, §§ 206, 303, 402, 404, 405, and 406. The existing entrance configuration fails to meet these requirements and operates as a barrier to access.

26. Dining surfaces within both the interior and exterior seating areas are not configured to accommodate wheelchair users. A sufficient number of tables lack required knee and toe clearance, and the mandated percentage of accessible dining surfaces is not provided. ADA regulations require that at least five percent of dining surfaces comply with accessibility standards, including clear floor space and knee and toe clearance dimensions. See 28 C.F.R. Part 36, § 226 and § 902, incorporating §§ 305 and 306. The noncompliant dining surfaces deny plaintiff equal participation in the dining experience.

27. The bar area contains counters that exceed permissible height limits and lack required knee and toe clearance. No portion of the bar is configured to provide an accessible dining surface. ADA regulations mandate that dining and work surfaces, including bar counters, fall within prescribed height ranges and include accessible clearances. See 28 C.F.R.

Part 36, § 902, incorporating §§ 305 and 306. The bar's design excludes wheelchair users from equal access to services provided there.

28. A stair flight along the path of travel to the restroom creates a vertical barrier that is not served by an accessible route. When restroom facilities are provided, they must be located on an accessible story connected to an accessible entrance. See 28 C.F.R. Part 36, § 206.2.3. The existing configuration prevents wheelchair users from reaching restroom facilities.

29. Required restroom identification signage is missing or noncompliant. ADA standards require tactile and visual signage identifying permanent rooms, including restrooms, to meet specific mounting height, placement, and readability criteria. See 28 C.F.R. Part 36, §§ 216 and 703. The absence of compliant signage impairs independent navigation for individuals with disabilities.

30. Grab bars required on the side and rear walls of the water closet are not installed. ADA regulations mandate grab bar placement and specifications to support safe transfer and use. See 28 C.F.R. Part 36, § 604 and § 609. The lack of grab bars renders the restroom unusable for wheelchair users.

31. The restroom mirror is mounted above allowable height limits, preventing use by seated patrons. ADA standards require mirrors to be installed at accessible heights measured from the reflecting surface. See 28 C.F.R. Part 36, § 603.3. The mirror's placement denies equal usability.

32. The restroom door hardware, including the locking mechanism, is positioned outside the permitted reach range. ADA regulations require operable parts on doors to fall within specified height ranges and to be usable with one hand without tight grasping or

twisting. See 28 C.F.R. Part 36, § 309 and § 404. The door hardware configuration impedes independent use.

33. A coat hook within the restroom is mounted beyond accessible reach ranges. ADA standards require accessories to be positioned within forward or side reach limits. See 28 C.F.R. Part 36, § 308. The excessive mounting height prevents use by wheelchair patrons.

34. The restroom hand dryer is installed above allowable reach ranges, making it inaccessible. ADA regulations require dispensers and similar accessories to comply with reach range requirements. See 28 C.F.R. Part 36, § 308. The mounted height denies equal access to restroom amenities.

35. The foregoing barriers are representative and not exhaustive. Upon information and belief, a comprehensive inspection would reveal additional accessibility violations. To fully remedy defendants' noncompliance and avoid piecemeal litigation, plaintiff requires a complete inspection to identify all barriers. Plaintiff reserves the right to amend this pleading to include additional violations discovered during inspection.

36. Defendants have denied plaintiff equal participation in the services offered at the Premises by maintaining inaccessible conditions and by failing to implement compliant policies or accommodations. The barriers remain in place, continue to deter plaintiff, and create an ongoing risk of discrimination.

37. Plaintiff regularly travels to the neighborhood and intends to return to the Premises once it becomes accessible, establishing a real and continuing threat of future harm.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

38. Plaintiff repeats and realleges all prior allegations as though fully set forth here.

39. Plaintiff is substantially limited in the major life activities of walking and

bodily movement and therefore qualifies as an individual with a disability within the meaning of the ADA. Because of these limitations, plaintiff relies on a wheelchair for mobility and has restricted range of motion.

40. Under Title III of the ADA, both property owners and operators or lessees of a place of public accommodation share responsibility for compliance and are jointly and severally liable for violations. These obligations cannot be avoided or reassigned by private agreement. See 28 C.F.R. § 36.201(b).

41. Defendants have subjected plaintiff to unequal treatment by denying him full and equal access to their place of public accommodation on the basis of disability. Defendants' acts and omissions have also resulted in policies and conditions that disparately impact individuals with disabilities.

42. By maintaining inaccessible conditions, defendants have conveyed to disabled patrons, including plaintiff, that they are unwelcome and excluded from equal participation in defendants' services.

43. Defendants have discriminated against plaintiff by designing, constructing, and maintaining a facility that is not readily accessible to or usable by individuals with disabilities and does not comply with applicable ADA accessibility standards. See 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401.

44. Defendants' public accommodation fails to provide an integrated and equal environment for individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

45. Upon undertaking alterations to the Premises, defendants failed to make altered areas accessible to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406. Defendants likewise failed to ensure that the paths of travel to altered primary

function areas were accessible, in violation of 28 C.F.R. § 36.403.

46. The ADA requires that noncompliant facilities and elements be brought into conformance with current accessibility standards when alterations occur. See 28 C.F.R. § 36.406. Defendants failed to do so.

47. Defendants did not remove architectural barriers where removal was readily achievable. The ADA requires public accommodations to eliminate such barriers when it can be accomplished without significant difficulty or expense. See 28 C.F.R. § 36.304. Making the Premises accessible is readily achievable.

48. By failing to remove barriers that are readily removable, defendants discriminated against plaintiff in violation of 42 U.S.C. § 12182(a) and § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

49. Alternatively, defendants failed to provide reasonable alternative methods of access where barrier removal was not undertaken, as required by 28 C.F.R. § 36.305.

50. Defendants' continued operation of an inaccessible facility constitutes a pattern and practice of discrimination in violation of Title III of the ADA and its implementing regulations, including 42 U.S.C. § 12181 et seq. and 28 C.F.R. Part 36.

51. Defendants have discriminated, and continue to discriminate, against plaintiff by maintaining conditions that prevent equal access to their place of public accommodation.

### SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

52. Plaintiff repeats and realleges every preceding allegation as though fully set forth here.

53. Plaintiff's spinal injury and related medical conditions substantially impair normal bodily functioning, including walking and range of motion. These impairments constitute a disability within the meaning of New York State Executive Law § 296.

54. Defendants have subjected plaintiff to unequal treatment by denying him equal access to their place of public accommodation because of his disability. The inaccessible conditions maintained at the Premises prevent plaintiff from participating in and enjoying defendants' services on the same basis as non-disabled patrons.

55. By maintaining and operating a facility that is not accessible, defendants engaged in unlawful discrimination prohibited by Executive Law § 296(2). Each defendant is responsible for its own conduct and for aiding and abetting the discriminatory conduct described here.

56. Defendants failed to make readily achievable modifications and accommodations necessary to remove barriers to access, in violation of Executive Law § 296(2)(c)(iii).

57. In the alternative, defendants failed to provide reasonable alternative methods of access where barrier removal was not undertaken, in violation of Executive Law § 296(2)(c)(iv).

58. Making the Premises accessible is feasible and readily achievable. Providing accessibility would not impose an undue hardship or undue burden on defendants.

59. As a direct and proximate result of defendants' discriminatory conduct, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, stress, and anxiety.

60. Plaintiff has sustained damages as a result of defendants' conduct and will continue to incur damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

61. Plaintiff repeats and realleges all prior allegations as if fully set forth here.

62. Plaintiff's medical conditions impair bodily systems and substantially limit the

major life activities of walking and body movement. Plaintiff therefore has a disability within the meaning of Administrative Code § 8-102(16).

63. The New York City Local Civil Rights Restoration Act of 2005 makes clear that the City's Human Rights Law must be interpreted liberally to accomplish its broad remedial purpose, independent of narrower federal or state interpretations. Administrative Code § 8-130 requires that the protections afforded under the City law be construed expansively in favor of individuals subjected to discrimination.

64. Defendants have directly and indirectly denied plaintiff the full use and enjoyment of the accommodations, advantages, services, and privileges of their public accommodation because of disability, in violation of Administrative Code § 8-107(4). Each defendant is liable for its own discriminatory conduct and for aiding and abetting the discrimination alleged here.

65. By designing, creating, operating, and maintaining a commercial space that is inaccessible, defendants have engaged in disability discrimination prohibited by Administrative Code § 8-107(4).

66. Defendants have subjected plaintiff to unequal treatment by refusing and withholding access to the benefits of their establishment due to disability, in violation of Administrative Code § 8-107(4) and Local Law 58.

67. As a direct and proximate result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer emotional distress, including humiliation, embarrassment, and stress.

68. Upon information and belief, defendants' long-standing failure to make the Premises accessible was deliberate, calculated, and undertaken with reckless disregard for plaintiff's rights under the Administrative Code.

11

69. By maintaining inaccessible conditions in violation of long-established legal requirements, defendants have effectively communicated to disabled individuals that they are unwelcome patrons.

70. Defendants' conduct reflects willful or reckless disregard for the rights of others, entitling plaintiff to punitive damages pursuant to Administrative Code § 8-502.

71. By operating a noncompliant facility while avoiding the costs associated with accessibility compliance, defendants have financially benefited from discriminatory practices. Any unlawful profits derived from that conduct, together with interest, should be disgorged.

72. Plaintiff has sustained damages and will continue to sustain damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

73. Plaintiff repeats and realleges all prior allegations as if fully set forth here.

74. Defendants' conduct constitutes disability discrimination under New York law. By maintaining and operating an inaccessible place of public accommodation, defendants violated the protections afforded to plaintiff under the New York State Executive Law.

75. As a consequence of these violations, plaintiff is entitled to recover the statutory penalties provided by New York Civil Rights Law §§ 40-c and 40-d for each instance of discrimination.

## INJUNCTIVE RELIEF

76. Absent judicial intervention, plaintiff will continue to be subjected to unlawful discrimination resulting from defendants' failure to comply with applicable accessibility laws. Injunctive relief is therefore necessary to require defendants to alter and modify the Premises and their policies, practices, and procedures so that the facility becomes accessible to individuals with disabilities.

77. Injunctive relief is also required to ensure that the Premises is readily accessible to and usable by plaintiff in accordance with federal, state, and local law.

78. Further injunctive relief is necessary to compel defendants to provide appropriate auxiliary aids, policy modifications, and alternative access methods where required.

## DECLARATORY RELIEF

79. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

80. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards

or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: February 9, 2026

　　　　Manhasset, New York

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**GABRIEL A. LEVY, P.C.**
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　1129 Northern Blvd, Suite 404
　　　　　　　　　　　　　　　　　　Manhasset, NY 11030
　　　　　　　　　　　　　　　　　　(347) 941-4715

　　　　　　　　　　　　　　　　　　**By:** /s/ Gabriel A. Levy, Esq.
　　　　　　　　　　　　　　　　　　**GABRIEL A. LEVY, ESQ (5488655)**
　　　　　　　　　　　　　　　　　　Glevy@glpcfirm.com